# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
E-Filed: March 5, 2014
UNPUBLISHED

```
* * * * * * * * * * * * *
JODI MANIS,                       *    No. 13-732V
                                  *
                                  *    Special Master
              Petitioner,         *    Nora Beth Dorsey
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *    Ruling on Entitlement; Conceded
AND HUMAN SERVICES,               *    Tetanus Vaccine; Brachial Neuritis.
                                  *
              Respondent.         *
                                  *
* * * * * * * * * * * * *
```

Ronald Homer, Conway, Homer & Chin-Caplan, P.C. Boston, MA, for petitioner.
Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT[1]**

On September 25, 2013, Jodi Manis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she received

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

a tetanus vaccination on October 5, 2010, and thereafter suffered an injection related shoulder injury.  See Petition at 1.

On March 4, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Report at 1.  Specifically, respondent agrees that petitioner's alleged injury is consistent with brachial neuritis, and that her shoulder injury is related to the administration of the tetanus vaccination she received on October 5, 2010.  Id. at 3.  Based on a review of the medical records, respondent states that petitioner has met the applicable statutory requirements by suffering her condition for more than six months and that, therefore, petitioner has satisfied all legal prerequisites for compensation under the Act.  Id. at 3-5.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  §300aa-13; Vaccine Rule 8(d).  In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

                                                     s/Nora Beth Dorsey
                                                      Nora Beth Dorsey
                                                       Special Master